## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANDREA LOPEZ AND LAURA LOPEZ<br>   *Plaintiffs*, | §<br>§<br>§ | |
| V. | §<br>§ | CIVIL ACTION NO. <u>5:19-cv-726</u> |
| UNITED STATES OF AMERICA<br>   *Defendant*. | §<br>§<br>§ | COMPLAINT FOR<br>DECLARATORY REIEF<br>(Fed. R. Civ. P. 57) |

### PLAINTIFFS' ORIGINAL COMPLAINT FOR DECLARATORY RELIEF

TO THE HONORABLE JUDGE OF THE COURT:

NOW COME ANDREA LOPEZ AND LAURA LOPEZ, Plaintiffs in the above-styled and numbered civil action, and files this Original Complaint pursuant to 28 U.S.C. § 2201 for a declaration that the Plaintiffs do not owe any money to the United States of America, or its political subdivision, for any care or treatment related to the automobile collision on June 24, 2017 and that Defendant is not entitled to any portion of the third-party settlement proceeds. In support of this complaint, Plaintiffs would respectfully show the Court the following:

### PARTIES

1.    Plaintiffs, ANDREA LOPEZ and LAURA LOPEZ, are individuals who reside in San Antonio, Texas and received medical treatment at Brooke Army Medical Center in San Antonio, Texas.

2.    Defendant, UNITED STATES OF AMERICA, may be served with process by serving the following individuals in the manner prescribed:

    a)    John F. Bash, United States Attorney for the Western District of Texas, via certified mail, return receipt requested at 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216; and

    b)    United States Attorney General, William P. Barr, via certified mail, return receipt requested, at U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530.

**JURISDICTION AND VENUE**

3.     This court has jurisdiction of the subject matter of this action, pursuant to 28 U.S.C. § 1346, because it arises out of the laws of the United States and the United States is a Defendant.  This dispute concerns the validity and enforceability of a lien asserted by the United States pursuant to the Medical Care Recovery Act, 42 U.S.C. § 2651.

4.     Venue is proper in the United States District Court, Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391 because the events and occurrences giving rise to this claim arose in this District.

**FACTS**

5.     On June 24, 2017, Plaintiffs, ANDREA LOPEZ and LAURA LOPEZ, sustained serious personal injuries in a motor vehicle collision with a third-party.  Plaintiffs received treatment at Brooke Army Medical Center for their collision related injuries and the amount of the lien asserted by the United States of America is believed to be $14,523.06 for Andrea Lopez and $36,177.62 for Laura Lopez.  Subsequently, the tortfeasors tendered their policy limits of $60,000.00 for all claims related to the accident.  Of that settlement, a mediator allocated $22,260.00 for Andrea Lopez and $27,360.00 for Laura Lopez.

6.     Given the severity of Plaintiffs' injuries, the Defendant, United States of America, is not entitled to recover any money against the third-party settlement proceeds.  However, as a result of Defendant's failure to release its alleged lien, the third-party insurance settlement proceeds cannot be disbursed.  Plaintiff seeks a declaratory judgment so that the third-party settlement funds can be disbursed.

7.     As a practical matter, Plaintiff filed this suit because Brooke Army Medical Center or the Defense Finance and Accounting Service (DFAS)—the collection agency for the

federal government—failed to respond the numerous verbal requests. Plaintiff's account has remained in a state of permanent limbo for several months now.  All Plaintiff is trying to do is resolve the Defendant's lien so that the third-party settlement funds can be disbursed.  However, the breakdown in communication between Brooke Army Medical Center and DFAS has made amicable resolution of the Defendant's lien impossible.

8.     An actual controversy now exists between the parties with respect to the validity and enforceability of lien asserted by the Defendant.

## DECLARATORY JUDGMENT

9.     In order to resolve this controversy, Plaintiffs request that, pursuant to 28 U.S.C. §2201, this court declare the respective rights and duties of the parties in this matter and, in particular, that the court declare that Defendant is not entitled to any portion of the third-party settlement proceeds.

10.   A valid case or controversy exists sufficient for this court to declare the rights and remedies of the parties in that the third-party settlement proceeds cannot be disbursed and Plaintiffs cannot receive any settlement funds until the validity and enforceability of Defendant's lien is determined.

11.   The Plaintiffs have the requisite standing to request this declaration in that Plaintiffs are suffering a direct and personal injury as a result of the invalid and unenforceable lien asserted by the Defendant against the third-party settlement proceeds.

12.   This controversy is ripe for determination at this time because Defendant is currently preventing the third-party settlement proceeds from being disbursed and is currently asserting a lien against the third-party settlement proceeds.

**ATTORNEYS FEES**

13.   Plaintiffs have retained the firm of Tyler & Peery to represent them in this action and has agreed to pay the firms' reasonable and necessary attorney's fees.   An award of reasonable and necessary attorney's fees to the Plaintiffs would be equitable and just.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that:

1.   This court render a declaratory judgment providing that Defendant is not entitled to any portion of the third-party settlement proceeds;

2.   Plaintiffs receive costs of suit, including reasonable attorney's fees; and

3.   Such other and further relief to which Plaintiffs may be justly entitled.


Respectfully submitted,

TYLER & PEERY
5822 West IH 10
San Antonio, Texas 78201
(210) 340-0900 PHONE
(210) 736-9197 FACSIMILE


_____
DENNIS C. PEERY
State Bar No. 15728750

**ATTORNEYS FOR PLAINTIFFS**